[15 NE3d 271, 991 NYS2d 516]

In the Matter of EMPIRE CENTER FOR NEW YORK STATE POLICY, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent.

In the Matter of EMPIRE CENTER FOR NEW YORK STATE POLICY, Appellant, v TEACHERS' RETIREMENT SYSTEM OF THE CITY OF NEW YORK, Respondent.

Argued March 26, 2014; decided May 6, 2014

## POINTS OF COUNSEL

*Levine Sullivan Koch & Schulz, LLP*, New York City (*Alia L. Smith* and *David A. Schulz* of counsel), for appellant in the first and second above-entitled proceedings. I. Public Officers Law § 89 (7) does not permit the names of retired government workers drawing public pensions to be kept secret. (*Matter of Yolanda D.*, 88 NY2d 790; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509; *Friedman v Connecticut Gen. Life Ins. Co.*, 9 NY3d 105; *Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce*, 21 NY3d 55; *Matter of Crucible Materials Corp. v New York Power Auth.*, 13 NY3d 223; *Matter of New York Veteran Police Assn. v New York City Police Dept. Art. I Pension Fund*, 92 AD2d 772; *Matter of Weston v Sloan*, 84 NY2d 462; *Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen*, 69 NY2d 246; *Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562; *Matter of Newsday, Inc. v Empire State Dev. Corp.*, 98 NY2d 359.) II. Disclosure of retiree names does not constitute an unwarranted invasion of privacy. (*Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d 477; *Matter of Bellamy v New York City Police Dept.*, 59 AD3d 353, 80 AD3d 442; *Matter of Hanig v State of N.Y. Dept. of Motor Vehs.*, 79 NY2d 106; *Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 109 AD2d 92, 67 NY2d 562; *Bumpus v New York City Tr. Auth.*, 66 AD3d 26; *Matter of Fink v Lefkowitz*, 47 NY2d 567; *Matter of M. Farbman & Sons v New York City Health & Hosps. Corp.*, 62 NY2d 75; *Matter of Markowitz v Serio*, 11 NY3d 43; *Matter of Washington Post Co. v New York State Ins. Dept.*, 61 NY2d 557; *Matter of Schenectady County Socy. for the Prevention of Cruelty to Animals, Inc. v Mills*, 18 NY3d 42.)

*Eric T. Schneiderman, Attorney General*, Albany (*Jeffrey W. Lang, Barbara D. Underwood* and *Andrew D. Bing* of counsel), for respondent in the first above-entitled proceeding. I. Respondent's interpretation of Public Officers Law § 89 (7) effectuates its plain meaning. (*Matter of Buffalo News v Buffalo Enter. Dev. Corp.*, 84 NY2d 488.) II. This Court's decision in *Matter of New York Veteran Police Assn. v New York City Police Dept. Art. I Pension Fund* (61 NY2d 659 [1983]) supports respondent's interpretation of Public Officers Law § 89 (7). (*Matter of Schenectady County Socy. for the Prevention of Cruelty to Animals, Inc. v Mills*, 18 NY3d 42; *Empire Ctr. for N.Y. State Policy v New York City Police Pension Fund*, 88 AD3d 520.) III. Respondent's interpretation respects the general purposes of the Freedom of Information Law and accomplishes

the specific purpose of Public Officers Law § 89 (7). (*Matter of Federation of N.Y. State Rifle & Pistol Clubs v New York City Police Dept.*, 73 NY2d 92; *Matter of New York State United Teachers v Brighter Choice Charter School*, 15 NY3d 560; *Matter of New York Teachers Pension Assn. v Teachers' Retirement Sys. of City of N.Y.*, 71 AD2d 250; *Matter of New York Veteran Police Assn. v New York City Police Dept. Art. I Pension Fund*, 61 NY2d 659.)

*Michael A. Cardozo, Corporation Counsel*, New York City (*Elizabeth I. Freedman* and *Leonard Koerner* of counsel), for respondent in the second above-entitled proceeding. The Appellate Division correctly ruled that the names of the individual retirees are exempt from disclosure under the Freedom of Information Law, in accordance with this Court's ruling in *Matter of New York Veteran Police Assn. v New York City Police Dept. Art. I Pension Fund* (61 NY2d 659 [1983]). (*Matter of Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities*, 19 NY3d 106; *Matter of New York. Teachers Pension Assn. v Teachers' Retirement Sys. of City of N.Y.*, 98 Misc 2d 1118, 71 AD2d 250, 49 NY2d 701; *Matter of Katz v New York City Teachers' Retirement Bd.*, 291 NY 360; *Matter of Hiney v Teachers' Retirement Bd. of City of N.Y.*, 182 Misc 147; *Matter of Buffalo News v Buffalo Enter. Dev. Corp.*, 84 NY2d 488; *Matter of John P. v Whalen*, 54 NY2d 89; *Granada Bldgs. v City of Kingston*, 58 NY2d 705, 825; *Public Improvements v Board of Educ. of City of N.Y.*, 56 NY2d 850; *Matter of E.F.S. Ventures Corp. v Foster*, 71 NY2d 359; *Matter of Schenectady County Socy. for the Prevention of Cruelty to Animals, Inc. v Mills*, 18 NY3d 42.)

*Richard E. Casagrande*, New York City, and *Keith J. Gross* for New York State United Teachers, amicus curiae in the first and second above-entitled proceedings. I. The lower courts' decisions were consistent with existing precedent and applied the proper interpretation of the Freedom of Information Law. (*Matter of New York Veteran Police Assn. v New York City Police Dept. Art. I Pension Fund*, 61 NY2d 659; *Matter of Higby v Mahoney*, 48 NY2d 15; *Matter of New York Teachers Pension Assn. v Teachers' Retirement Sys. of City of N.Y.*, 98 Misc 2d 1118, 71 AD2d 250, 49 NY2d 701; *Matter of New York State United Teachers v Brighter Choice Charter School*, 15 NY3d 560; *Empire Ctr. for N.Y. State Policy v New York City Police Pension Fund*, 88 AD3d 520; *Matter of Buffalo News v Buffalo Enter. Dev. Corp.*, 84 NY2d 488; *Matter of John P. v Whalen*, 54 NY2d 89.) II. Both

the Freedom of Information Law and the Freedom of Information Act decisions and legislative history demonstrate that the names of retirees should not be disclosed. (*Matter of Empire Realty Corp. v New York State Div. of Lottery*, 230 AD2d 270; *Matter of Fink v Lefkowitz*, 63 AD2d 569, 47 NY2d 567; *National Assn. of Retired Fed. Empls. v Horner*, 879 F2d 873; *Hopkins v United States Dept. of Hous. & Urban Dev.*, 929 F2d 81; *Sheet Metal Workers Intl. Assn., Local No. 9 v United States Air Force*, 63 F3d 994; *Matter of New York Veteran Police Assn. v New York City Police Dept. Art. I Pension Fund*, 61 NY2d 659.) III. Without retirees' names, Empire Center for New York State Policy still has access to information under the Freedom of Information Law that allows it to accomplish its purpose. (*Matter of New York Veteran Police Assn. v New York City Police Dept. Art. I Pension Fund*, 61 NY2d 659.)

*Jonathan R. Donnellan, Office of General Counsel, Hearst Corporation*, New York City (*Diego Ibarguen* of counsel), *J.P. Cratty, Lee Enterprises, Incorporated*, Davenport, Iowa, *Eugenie C. Gavenchak, General Counsel, News Corporation*, New York City, *Mark Jackson, General Counsel, Dow Jones & Company, Inc.* (*Jason P. Conti* of counsel), *Matthew A. Leish, General Counsel, Daily News, L.P., David E. McCraw, General Counsel, New York Times Company, Dina Sforza, Cablevision Systems Corporation*, Bethpage, and *Sabin, Bermant & Gould LLP, Syracuse Media Group*, New York City (*Richard Bernstein* and *Neil M. Rosenhouse* of counsel), for Albany Times Union and others, amici curiae in the first and second above-entitled proceedings. The Appellate Division rulings are inconsistent with the language of the Freedom of Information Law and the canons of statutory construction, decades of precedent, and public policy. (*Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562; *Matter of Fink v Lefkowitz*, 47 NY2d 567; *Empire Ctr. for N.Y. State Policy v New York City Police Pension Fund*, 88 AD3d 520.)

*Lisa M. King*, Albany, and *Jessica C. Caggiano* for New York State Public Employees Federation, AFL-CIO, amicus curiae in the first and second above-entitled proceedings. I. The First Department and the Third Department properly applied controlling, 30-year-old precedent interpreting Public Officers Law § 89 (7) as not requiring respondents to disclose the names of former civil servants who are beneficiaries of a public retirement system. (*Matter of Humane Socy. of U.S. v Brennan*, 53 AD3d 909; *Matter of New York Veteran Police Assn. v New York*

*City Police Dept. Art. I Pension Fund*, 92 AD2d 772; *Matter of Fink v Lefkowitz*, 47 NY2d 567; *Matter of Gannett Co. v James*, 86 AD2d 744, 56 NY2d 502; *Matter of Westchester Rockland Newspapers v Mosczydlowski*, 58 AD2d 234; *American Broadcasting Cos. v Siebert*, 110 Misc 2d 744; *Empire Ctr. for N.Y. State Policy v New York City Police Pension Fund*, 88 AD3d 520; *Matter of Hellerstein v Assessor of Town of Islip*, 37 NY2d 1; *Matter of Knight-Ridder Broadcasting v Greenberg*, 70 NY2d 151; *Matter of New York State Superfund Coalition, Inc. v New York State Dept. of Envtl. Conservation*, 68 AD3d 1588, 18 NY3d 289.) II. Public Officers Law § 87 (2) (b) does not require respondents to disclose the names of former civil servants who are beneficiaries of a public retirement system because such disclosure would constitute an unwarranted invasion of personal privacy. (*Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d 477; *Matter of Federation of N.Y. State Rifle & Pistol Clubs v New York City Police Dept.*, 73 NY2d 92; *Matter of Dobranski v Houper*, 154 AD2d 736; *Matter of Edwards v New York State Police*, 44 AD3d 1216; *Matter of New York State United Teachers v Brighter Choice Charter School*, 15 NY3d 560; *Matter of Bellamy v New York City Police Dept.*, 87 AD3d 874, 20 NY3d 1028; *Matter of Massaro v New York State Thruway Auth.*, 111 AD3d 1001; *Winston v City of New York*, 759 F2d 242.)

*Atlantic Legal Foundation*, Larchmont (*Martin S. Kaufman* and *Briscoe R. Smith* of counsel), for Citizens Budget Commission and another, amici curiae in the first and second above-entitled proceedings. I. The names of retired government employee-pensioners cannot be withheld under the Freedom of Information Law. (*Matter of New York Veteran Police Assn. v New York City Police Dept. Art. I Pension Fund*, 61 NY2d 659; *Matter of Fink v Lefkowitz*, 47 NY2d 567; *Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562; *Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of N.Y. at Farmingdale*, 87 NY2d 410; *Matter of Newsday, Inc. v Empire State Dev. Corp.*, 98 NY2d 359; *Matter of Gould v New York City Police Dept.*, 89 NY2d 267; *Matter of Weston v Sloan*, 84 NY2d 462; *Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen*, 69 NY2d 246; *Direen Operating Corp. v State Tax Commn.*, 46 AD2d 191; *Matter of Bliss v Bliss*, 66 NY2d 382.) II. The decision in *Matter of New York Veteran Police Assn. v New York City Police Dept. Art. I Pension Fund* (61 NY2d 659 [1983]) is not controlling. (*Broadnax v Gonzalez*, 2 NY3d 148; *Tebbutt v Virostek*, 65 NY2d 931.)

SMITH, J.

■ We hold that Public Officers Law § 89 (7) exempts from the Freedom of Information Law (FOIL) only the home addresses, not the names, of retirees who receive benefits from public employees' retirement systems.

Petitioner, Empire Center for New York State Policy, describes itself as a "think tank" whose purpose is "to inform voters and policymakers" about issues including pension reform. Petitioner sought disclosure under FOIL from the New York State Teachers' Retirement System and the Teachers' Retirement System of the City of New York of the names of the retired members of the systems. The retirement systems refused to provide the names, and petitioner brought these CPLR article 78 proceedings to vacate the refusals and to compel disclosure. Supreme Court dismissed both petitions, and the Appellate Division affirmed in each case (*Matter of Empire Ctr. for N.Y. State Policy v New York State Teachers' Retirement Sys.*, 103 AD3d 1009 [3d Dept 2013]; *Matter of Empire Ctr. for N.Y. State Policy v Teachers' Retirement Sys. of the City of N.Y.*, 103 AD3d 593 [1st Dept 2013]). We granted leave to appeal in both cases (21 NY3d 859 [2013]), and now reverse.

The governing statute, Public Officers Law § 89 (7), says:

> "Nothing in this article [i.e., FOIL] shall require the disclosure of the home address of an officer or employee, former officer or employee, or of a retiree of a public employees' retirement system; nor shall anything in this article require the disclosure of the name or home address of a beneficiary of a public employees' retirement system or of an applicant for appointment to public employment; provided however, that nothing in this subdivision shall limit or abridge the right of an employee organization, certified or recognized for any collective negotiating unit of an employer pursuant to article fourteen of the civil service law, to obtain the name or home address of any officer, employee or retiree of such employer, if such name or home address is otherwise available under this article."

The answer to the question before us—are retirees' names exempt from disclosure?—is plain from the face of the statute. It exempts "the home address . . . of a retiree," but not the

retiree's name. By contrast, it exempts both the name and home address of "a beneficiary of a public employees' retirement system." A "beneficiary" of a retirement system, as the term is commonly used, is a family member of an employee or retiree who is entitled to benefits after the employee's or retiree's death; it is so used on the website of one of the retirement systems in this case (NYSTRS, Glossary of Benefit Terms, http://nystrs.org/main/glossary.html [last visited Apr. 21, 2014]). In some contexts, "beneficiary" might be read more broadly to include a retiree, for retirees do benefit from retirement systems. But "beneficiary" was obviously not used in that sense in this statute, because the statute provides a separate and more limited exemption for a "retiree."

The courts below were not blind to this logic (*see Matter of Empire Ctr. for N.Y. State Policy v New York State Teachers' Retirement Sys.*, 103 AD3d at 1010 ["Well-settled principles of statutory construction lend support to the interpretation advanced by petitioner"]). But they believed themselves bound to deny disclosure of the names by our decision in *Matter of New York Veteran Police Assn. v New York City Police Dept. Art. I Pension Fund* (61 NY2d 659 [1983]). The lower courts read that case too broadly.

The *Veteran Police* case was brought by an organization of retired police officers, seeking "access to the names and addresses of all retirees of the New York City Police Department currently receiving pensions and annuities" (61 NY2d at 660). The Association's purpose was to use the list to solicit new members. When the proceeding was commenced, Public Officers Law § 89 (7) did not exist, and the Appellate Division, interpreting more general provisions of FOIL and relying on its previous decision in *Matter of New York Teachers Pension Assn. v Teachers' Retirement Sys. of City of N.Y.* (71 AD2d 250 [1st Dept 1979]), granted the relief requested (*Matter of New York Veteran Police Assn. v New York City Police Dept. Art. I Pension Fund*, 92 AD2d 772 [1st Dept 1983], *revd* 61 NY2d 659 [1983]). The police pension funds appealed to this Court.

While the appeal was pending, the legislature enacted section 89 (7), specifying that it was to take effect immediately and was to apply to any requests for information as to which judicial review had not been completed (L 1983, ch 783, § 2). The obvious effect, and apparent intention, of the new law was to overrule the Appellate Division's *Veteran Police* holding, and we accordingly reversed the Appellate Division decision in a memorandum, saying:

> "The provisions of the amendment apply to this proceeding which was pending before the court at the time it became effective and foreclose relief to petitioner" (61 NY2d at 661).

The *Veteran Police* case involved a request for the names *and* home addresses of retirees. The petitioner in that case clearly wanted and needed both; a list of names without addresses, in 1983, would have been of little use to an organization that wanted to send out a membership solicitation. We have seen nothing to indicate that any party in the *Veteran Police* case ever suggested, or that we ever considered requiring, the disclosure of a list of names without addresses.

The lower courts in this case, however, read our statement in *Veteran Police* that the provisions of section 89 (7) "foreclose relief to [the] petitioner" as meaning that it foreclosed even partial relief—though partial relief was never in issue in *Veteran Police*. Thus, the courts below concluded that *Veteran Police* held that the statute exempted the names of retirees from disclosure (*see also Empire Ctr. for N.Y. State Policy v New York City Police Pension Fund*, 88 AD3d 520 [1st Dept 2011]). In this they erred. Our decisions are not to be read as deciding questions that were not before us and that we did not consider.

■ The retirement systems also argue that the disclosure petitioner seeks should be denied as an "unwarranted invasion of personal privacy" (Public Officers Law § 87 [2] [b]). They suggest that, by the use of modern technology, it might not be difficult for someone with a list of the names of retirees to find most, if not all, of their home addresses, thus frustrating the purpose of section 89 (7) and exposing the retirees to intrusive communications. On this record, however, the idea that anyone's privacy will be invaded is speculative. This petitioner is not, as the petitioner in the *Veteran Police* case was, interested in sending membership solicitations to retirees. When a FOIL request that seems to have such a purpose is made, it will be time to consider the effect of the privacy exemption (*see* Public Officers Law § 89 [2] [b] [iii] ["unwarranted invasion of personal privacy" includes "sale or release of lists of names and addresses if such lists would be used for solicitation or fund-raising purposes"]; *Matter of New York State United Teachers v Brighter Choice Charter School*, 15 NY3d 560 [2010]).

Accordingly, in each case, the order of the Appellate Division should be reversed, with costs, and the retirement system directed to disclose the requested names.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, PIGOTT and RIVERA concur; Judge ABDUS-SALAAM taking no part.

In *Matter of Empire Ctr. for N.Y. State Policy v New York State Teachers' Retirement Sys.*: Order reversed, with costs, and the New York State Teachers' Retirement System is directed to disclose the requested names.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, PIGOTT and RIVERA concur; Judge ABDUS-SALAAM taking no part.

In *Matter of Empire Ctr. for N.Y. State Policy v Teachers' Retirement Sys. of the City of N.Y.*: Order reversed, with costs, and the Teachers' Retirement System of the City of New York is directed to disclose the requested names.